QUESTION: Is there a conflict between an informal opinion issued by this office to the Honorable Harold M. Wayne dated December 30, 1974, and AGO 074-325 concerning the question of whether or not an ex-serviceman who is disabled to a degree of 10 percent or more and who qualifies for the exemption of s. 196.202, F.S., by meeting the requirements of s. 196.24, F.S., thereby qualifies for the additional homestead exemption granted by s. 1, Ch. 74-264, Laws of Florida [s. 196.031(3), F.S. (1974 Supp.)]?
SUMMARY: An ex-serviceman who is disabled to a degree of 10 percent or more in war service or by misfortune and who qualifies under s. 196.24, F.S., for the $500 personal exemption provided for by s. 196.202, F.S., is not thereby entitled to the additional homestead exemption for disabled persons granted by s.196.031(3)(c), F.S. (1974 Supp.), unless such ex-serviceman is totally and permanently disabled as defined by s. 196.012(10), F.S. (1974 Supp.), and is otherwise legally qualified for such additional homestead exemption for the disabled. Your question is answered in the negative. In the informal opinion issued December 30, 1974, it was correctly concluded that a 10 percent disabled ex-serviceman does not qualify for the additional homestead exemption granted by s. 196.031(3)(b), F.S. In that opinion it was stated: Section 196.24, F.S., varies the definition of total and permanent disability for some purposes. That section states: "Any ex-serviceman, a bona fide resident of the state, who has been disabled to a degree of ten per cent or more in war service between the dates of April 6, 1917, and July 2, 1921; December 7, 1941, and September 2, 1945; June 25, 1950, and February 1, 1955; August 4, 1964, to the date of cessation of hostilities as determined by the United States government, or by misfortune, shall be entitled to the exemption from taxation provided for in s. 3(b), Art. VII of the constitution, and the production by him of a certificate of disability from the United States government before the tax assessor of the county wherein his property lies shall be prima facie evidence of the fact that he is entitled to such exemption." (Emphasis supplied.) Thus, for purposes of s.196.24, F.S., supra, 10% disability as certified by the United States Government, within the specified time and causation limits, is sufficient to entitle an otherwise qualified ex-serviceman to the exemption. However, the italicized language of s. 196.24, quoted above, makes it clear that the 10% certified disability definition applies only to an ex-serviceman's eligibility for the exemption contained in Art. VII, Section 3(b) of the Florida Constitution. By way of distinction, it should be pointed out that the additional homestead exemption granted by s. 1[s. 196.031(3), F.S.], Ch. 74-264, supra, does not rest upon Art. VII, Section 3(b), supra. Rather, it is a separate and distinct exemption founded upon Art. VII, Section 6(c) of the Florida Constitution. (Emphasis supplied.) In AGO 074-325 it is pointed out that ss.196.24 and 196.202 implement the same constitutional provision — Art. VII, Section 3(b), supra. However, as was pointed out in that opinion, the two sections are nevertheless separate and distinct and impose separate standards. Section 1[s. 196.031(3)(b), F.S.], Ch. 74-264, supra, for purposes of additional homestead exemption, refers to the test of total and permanent disability contained in s. 196.202, F.S., and in s. 14[s. 196.012(10), F.S.], Ch. 74-234, supra. The standards of exemption under s. 196.24, F.S., are not adopted. (Emphasis supplied.) In sum, for the foregoing reasons a disabled ex-serviceman does not qualify for the additional homestead exemption granted by s. 196.031(3)(b), F.S., as amended by Ch. 74- 264, supra, unless the ex-serviceman is "totally and permanently disabled" as defined by s. 196.012(10), F.S., as amended by Ch. 74-234, supra, and is otherwise qualified for the exemption. In AGO 074-325 the question presented was: May the combined total property tax exempt value exceed $10,000 for basic and additional homestead under § 196.031, F.S. [as amended by Ch. 74-264, Laws of Florida], together with the $500 war service disability exemption under § 196.24, F.S.? The thrust of that question was whether the amendments to s. 196.031, F.S., made by Ch. 74-264, Laws of Florida, changed the status of the law as explained in AGO's 074-82, 073-325, and 072-151, in which I had concluded that the $5,000 basic homestead exemption and a limited additional $5,000 exemption for the aged could be granted cumulatively and separately along with the $500 exemption for the totally and permanently disabled, blind, and widows under s. 196.202, F.S., or the 10 percent service disability qualification under s. 196.24, F.S. In other words, prior to the 1974 amendments, a properly qualified individual could be granted exemptions totaling more than $10,000. In AGO 074-325, supra, I expressed the opinion that the law had now been changed and that [u]nder Ch. 74-264, Laws of Florida, the legislature has now provided by specific limitation of the homestead statute, §196.031, F.S., at the time that the additional homestead exemption was extended to totally and permanently disabled persons as well as the aged, as follows:" . . . In no event shall the combined exemptions of § 196.202 and this section [§196.031] exceed ten thousand dollars ($10,000)." Although this provision does not expressly refer to § 196.24, I would conclude that its reference to exemptions under § 196.202
necessarily includes the disability exemption defined by §196.24, for the same reasons stated in AGO 074-82. . . . The reference to s. 196.24, F.S., in the last sentence above quoted was made to indicate that the $10,000 maximum of total allowable exemptions provided for by s. 196.031(3)(c), F.S. (1974 Supp.), included any exemption to which an individual might be entitled by qualifying under s. 196.24. For example, an otherwise qualified individual who is entitled to the "basic" $5,000 homestead exemption and the "additional" exemption for the aged of $5,000, and who qualifies under s. 196.24 for the $500 exemption provided by s. 196.202, F.S., would be limited, by virtue of s.196.031(3)(c), supra, to a combined total exemption of $10,000. The fact that I concluded in AGO 074-325 that s. 196.031(3)(c), F.S., includes the exemption defined by s. 196.24, F.S., for purposes of the $10,000 ceiling on all allowable exemptions, in no way indicates that I intended to imply that the additional homestead exemption provisions of s. 196.031, as amended, or of s. 6(c) of Art. VII, supra, adopt or encompass the disability standards under s. 196.24, F.S. It is abundantly clear, for the reasons stated above, that such is not the case, and that an ex-serviceman meeting the conditions stated in s. 196.24 does not qualify for the additional homestead exemption granted by s.196.031(3)(b) unless he is totally and permanently disabled as defined in s. 196.012(10), F.S. Both the title to and the purview of Ch. 74-264, supra, purport to increase the homestead exemption provided by s. 196.031(1) and Art. VII, s. 6(a) of the Constitution as to totally and permanently disabled persons, as well as to the aged. The prescription for or conditions on such exemptions is of course solely a matter of legislative prerogative within constitutional limitations. Clearly in this instance the Legislature has in past years seen fit to grant a $500 general tax exemption to those ex-servicemen who are disabled to a degree of 10 percent or more in war service or by misfortune, but has extended an additional homestead exemption for the disabled only to those persons who are totally and permanently disabled as defined by s. 196.012(10), and otherwise legally qualified for such exemption under the Constitution and statutory law.